**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**LEONARD CLARK,**
    **Petitioner,**

**v.**          **Civil Action No.: 3:19-CV-7
(GROH)**

**J. COAKLEY, WARDEN,**
     **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On January 14, 2019, Petitioner, an inmate at Hazelton USP, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[1]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

---

[1] ECF Numbers cited herein refer to case number 3:19-CV-7 unless otherwise noted.

## II.    FACTUAL AND PROCEDURAL HISTORY

### A.    State Conviction and Sentence[2]

On October 20, 2001, Petitioner was arrested by the Chicago Police Department and charged with state criminal offenses of possession of a controlled substance and aggravated use of a weapon.  ECF No. 13 at 1.  He entered a guilty plea to the state charges and was sentenced by the Circuit Court of Cook County, Illinois, on January 28, 2003, to six years in prison.  Id.  On June 27, 2003, while serving his state sentence, Petitioner appeared before the United States District Court for the Northern District of Illinois, "pursuant to a writ of habeas corpus ad prosequendum and remained on loan to federal authorities throughout his federal prosecution."  Id.  Petitioner was discharged from state custody on April 13, 2004, while still on federal writ.  Id.

### B.    Federal Conviction and Sentence[3], case number 1:03-CR-621-1

On February 19, 2004, a superseding indictment was returned in case number 1:03-CR-621-1 in the Northern District of Illinois, which charged Petitioner in Counts 1, 3, 4 and 5, with one count of conspiracy to distribute, and three counts of distribution of a controlled substance.  ECF No. 170-2.  On April 13, 2004, Petitioner entered his plea of guilty to Counts 1, 3, 4 and 5 of the superseding indictment.  ECF No. 208.  On January 28, 2005, Petitioner was sentenced to 360 months of incarceration.  ECF No. 327.

### C.    Appeal

---

[2] Throughout section II.A. all ECF numbers refer to entries in the docket of Civil Action No. 1:11-CV-1050 from the Central District of Illinois, available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] Throughout sections II.B. and II.C. all ECF numbers refer to entries in the docket of Criminal Action No. 1:03-CR-621-1 from the Northern District of Illinois, available on PACER.

On February 8, 2005, Petitioner filed a notice of appeal to the Seventh Circuit Court of Appeals in that Court's docket number 05-1316.   ECF Nos. 328, 336.  The Seventh Circuit issued an unpublished opinion on September 15, 2006, which affirmed Petitioner's sentence.  ECF No. 383.

### D.    Prior Petition for Relief Under § 2255, case number 1:07-CV-5224

Petitioner filed a motion to vacate his sentence under § 2255 in the Northern District of Illinois case number 1:07-CV-5224.  2007 WL 4246891 (N.D.Ill. Nov. 30, 2007). Therein, Petitioner challenged the effectiveness of his trial counsel, with regard to counsel's failure to: (1) understand the nature of the charges against Petitioner; (2) inform Petitioner that he would be subject to the advisory sentencing guidelines; (3) negotiate a plea agreement to just one count of the superseding indictment instead of four counts; and (4) provide effective assistance because of cumulative errors.  Id. at *6.  Petitioner further challenged the effectiveness of his appellate counsel.  Id.  The District Court denied relief on all claims raised.  Id. at *7.

### E.    Prior Petitions for Relief Under § 2241

#### 1.    Central District of Illinois, case number 1:11-CV-1050

On February 9, 2011, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which challenged the BOP's computation of the Petitioner's projected release date.  C.D.Ill. 1:11-CV-1050, ECF No. 1.  On June 9, 2011, the district court denied the petition for habeas corpus.  C.D.Ill. 1:11-CV-1050, ECF No. 13.

In the order denying relief, the Court summarized the prior proceedings, including the sentence imposed for his conviction in case number 1:03-CR-621-1.  The Court held that, "[t]he Petitioner's 360-month federal sentence commenced on January 28, 2005,

and the Bureau of Prison[s] (BOP) has credited the Petitioner's federal sentence with 289 days of prior custody credit for the period of April 14, 2004 through January 27, 2005." Id. at 2.  The Court noted that Petitioner argued that the BOP had improperly computed his sentence, specifically, he sought to receive credit toward his federal sentence for time served against his state sentence.  Id. at 2 – 3.  The Court found that the BOP "properly computed the Petitioner's sentence."  Id. at 3.  Further, the Court found that "§ 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence."  Id.

### 2.      Central District of Illinois, case number 1:12-CV-1109

On April 6, 2012, Petitioner filed a second petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241, which challenged the BOP's computation of the Petitioner's projected release date.  C.D.Ill. 1:12-CV-1109, ECF No. 1.  Petitioner claimed that "since he was initially serving a state sentence with the Illinois Department of Corrections before being prosecuted by the federal government, Clark [contends] that he is improperly being denied sentence credit for overlapping criminal conduct."  Id.  On June 11, 2012, the petition was dismissed with prejudice.  C.D.Ill. 1:12-CV-1109, ECF No. 6.  In the order of dismissal, the Court noted that "[t]he instant petition advances the same arguments and in fact appears identical to the petition denied by this Court on June 9, 2011."  Id. at 2.

### F.      Instant Petition for Habeas Corpus Under § 2241

Petitioner filed the instant petition[4] for habeas corpus on January 14, 2019, along

---

[4] Although Petitioner used the Court-approved form to file his petition, he did not comply with the Local Rules of Prisoner Litigation Procedure in completing that form, directing the Court to "See attached memorandum of law" [ECF No. 1 at 5 – 6], instead of asserting grounds for relief or providing supporting facts therefor.  Despite Petitioner's failure to comply with the Local Rules, the Court has reviewed and considered all of the pleadings filed by Petitioner.

with a memorandum of law in support thereof, challenging the sentence imposed in the Northern District of Illinois.  ECF Nos. 1, 1-1.  In the memorandum, Petitioner claims that the Federal Bureau of Prisons ("BOP") unlawfully denied him credit for time served in while he was in custody of the United States in the form of a writ.  ECF No. 1-1 at 2. Petitioner's main contention is that he should have received credit for time served from June 27, 2003, the date he was transferred to federal jurisdiction pursuant to a writ of habeas corpus ad prosequendum, on the sentence imposed by the District Court in the Northern District of Illinois in 1:03-CR-621-1.  Id.

In Respondent's memorandum in support of his Motion to Dismiss, or, in the alternative, for Summary Judgment, he argues that Petitioner is not entitled to relief because his federal sentence did not commence until April 14, 2004, when he was paroled by and released from the custody of the state of Illinois.  ECF No. 26 at 11. Respondent also argues that Petitioner is not entitled to any prior custody credit based on 18 U.S.C. § 3585(b).  Id. at 12.

More critically, Respondent argues that Petitioner is not entitled to relief because this is the third time he has raised the same issue, and sought the same relief, which has twice before been denied in the Central District of Illinois. ECF No. 26 at 7.

On June 5, 2019, Petitioner filed a response in opposition to the motion to dismiss or for summary judgment.  ECF No. 29.  Essentially, Petitioner repeats his argument that the should be credited the time he was turned over from Illinois state correctional officer to federal agents, regardless of whether that was under a writ or through termination of his state sentence.

Thereafter, on June 11, 2019, Respondent filed a reply.  ECF No. 30.  Therein,

Respondent stressed that Petitioner's prior § 2241 petitions sought presentence credit from October 20, 2001, the date of his initial arrest, through April 14, 2004, whereas the instant petition only sought presentence credit from June 27, 2003, the date he was transferred to federal custody via writ, through April 13, 2004.  ECF No. 30 at 2.

### III.   LEGAL STANDARD

#### A.   Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.   Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded

by statute).  The Supreme Court in <u>Neitzke</u> recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.    Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  <u>Adams v. United States</u>, 372 F.3d 132, 135 (2d Cir. 2004).

### D.    Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.  The Federal Rules of

---

[5]  The version of 28 U.S.C. § 1915(d) which was effective when <u>Neitzke</u> was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Civil Procedure require only, "'a short and plain statement of the claim  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that  a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face."  Id. at 555, 570.  In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570.  Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

 "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation.  Id. at 678.  "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.  Thus, a well-pleaded complaint  must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E.      Motions for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."  Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587.

"Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968).  See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990).  Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## IV.    ANALYSIS

The United States Attorney General, acting through the BOP, is responsible for computing an inmate's term of confinement.  This computation includes the determination of when the sentence commenced and the amount of credit for time served following a federal conviction and sentencing.  United States v. Wilson, 503 U.S. 329, 333 (1992).  In making this computation, the BOP must adhere to 18 U.S.C. § 3585 which provides as follows:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence, at the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the defendant was arrested; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

In <u>Wilson</u>, the Supreme Court expressly rejected Wilson's argument that § 3585(b) authorizes a district court to award credit at sentencing, reasoning that:

> Section 3585 indicates that a defendant may receive credit against a sentence that "*was imposed*." It also specifies that the amount of the credit depends on the time that the defendant "*has spent*" in official detention "prior to the date the sentence commences." Congress' use of a verb tense is significant in construing statutes. By using these verbs in the past and present perfect tenses, Congress has indicated that computation of the credit must occur after the defendant begins his sentence. A district court, therefore, cannot apply § 3585(b) at sentencing.

<u>Wilson</u>, <u>supra</u>, at 333 (emphasis in original, internal citations omitted).

In the instant case, the Petitioner is seeking credit for the time he spent in state custody in Illinois, before he was released to commence his federal sentence in the Northern District of Illinois. Petitioner relies on his transfer, pursuant to a writ ad prosequendum, to support his claim that he should receive credit beginning June 27, 2003. ECF No. 1 at 8, 1-1 at 1.

Consistent with the language of § 3585(b) and the holding of <u>Wilson</u>, the BOP calculated Petitioner's sentence to commence on the date he was paroled from the state of Illinois, April 13, 2004. ECF No. 26-1 at 2, 10, 15. The BOP did not award Petitioner credit, nor was he entitled to credit, for the time served prior to his release from custody in the state of Illinois.

Petitioner's service of his state sentence in Illinois prohibited him from receiving credit for simultaneous custody credit for his federal sentence. Consistent with 18 U.S.C.

12

§ 3585(b), a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."  Because Petitioner's was in detention in state custody until April 13, 2004, he was not entitled to credit toward his federal sentence from his date of sentencing until he was released from state custody. Accordingly, Petitioner has received all custody credit[6] to which he was entitled, and his request for relief is without merit.

Moreover, Petitioner has twice previously sought the same relief, and twice previously been denied that relief.  Pursuant to 28 U.S.C. § 2244(a), a district court is not required to consider a habeas petition filed by an inmate challenging his federal custody on the same ground that the petitioner advanced in an earlier habeas petition and lost after a full and fair litigation of his claim.  See 28 U.S.C. § 2244(a).  In addition to applying to petitions filed pursuant to 28 U.S.C. § 2255, the rule also applies to petitions filed pursuant to 28 U.S.C. § 2241.  See e.g., George v. Perill, 62 F.3d 333 (10th Cir. 1995); Glumb v. Honstead, 891 F.2d 872 (11th Cir. 1990); Sacco v. United States Parole Commission, 639 F.2d 441 (8th Cir. 1981).

The District Court for the Central District of Illinois has, in that Court's case numbers 1:11-CV-1050 and 1:12-CV:1109, denied Petitioner credit for the time he was borrowed, pursuant to a writ, by federal officials.  Pursuant to 28 U.S.C. § 2244(a), this

---

[6] The Court further notes that BOP Policy Statement 5880.28 addresses the method which is used by the BOP to compute sentences, consistent with the Sentence Computation Manual-CCCA. https://www.bop.gov/policy/progstat/5880_028.pdf.  PS 5880.28 provides in part that, "Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for 'writ' custody is not the federal charge. The federal court merely 'borrows' the prisoner under the provisions of the writ for secondary custody."  Id. at page 1 – 20B.

Court is not required to consider the instant habeas petition filed by Petitioner, because he is challenging his federal custody on the same ground that he advanced in an earlier habeas petition and lost after a full and fair litigation of his claim.

Having considered the pleadings and arguments of the parties, and the evidence in the light most favorable to the nonmoving party, it appears that there is no genuine dispute as to any material fact presented.   Accordingly, the Respondent is entitled to summary judgment as a matter of law.

## IV.   RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**.  I further **RECOMMEND** that Respondent's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [ECF No. 25] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver**

**of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** August 21, 2019

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

15