# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**LEONARD CLARK,**

    Petitioner,

**v.**                                                          **CIVIL ACTION NO.: 3:19-CV-7 (GROH)**

**J. COAKLEY, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 32. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on August 21, 2019. In the R&R, he recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed with prejudice.

### I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and

of a Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The R&R was mailed to the Petitioner by certified mail on August 21, 2019. ECF No. 32. The Petitioner accepted service on August 26, 2019. ECF No. 33. On September 10, 2019, the Court granted the Petitioner an extension of time to file objections. ECF No. 35. The Petitioner filed objections on October 17, 2019. ECF No. 41. Accordingly, the Court will review the portions of the R&R to which the Petitioner objects *de novo*.

## II. Background

On January 14, 2019, the pro se Petitioner filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging "[t]he computation and credit of [his] jail time." ECF No. 1 at 1. In his petition, the Petitioner asserts that he has been denied credit for time served prior to his sentence. Id. at 5. The Petitioner requests that he be awarded credit for time served from June 27, 2003 through April 13, 2004. ECF No. 1-1 at 4.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts herein; however, it will briefly outline the most relevant facts of this case.

On October 20, 2001, the Petitioner was arrested on state charges of possession of a controlled substance and aggravated use of a weapon. On January 28, 2003, he

was sentenced to six years imprisonment following his entry of a guilty plea. The Petitioner completed his term of imprisonment for his state sentence on April 13, 2004. On June 27, 2003, while serving his state sentence, the Petitioner appeared before the United States District Court for the Northern District of Illinois on a federal writ of habeas corpus ad prosequendum. On April 13, 2004, the Petitioner entered a guilty plea to one count of conspiracy to distribute and three counts of distribution of a controlled substance. On January 28, 2005, the Petitioner was sentenced to 360 months imprisonment. The Petitioner has received 289 days of credit for time served for the period of April 14, 2004 through January 27, 2005.

### III. Applicable Law

The Attorney General, acting through the Bureau of Prisons, has responsibility for calculating a defendant's jail credit. <u>United States v. Wilson</u>, 503 U.S. 329, 331-32 (1992). When calculating a defendant's credit for time served, the BOP should follow 18 U.S.C. § 3585, which provides:

> (a) Commencement of sentence – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence, at the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585 (emphasis added).

## IV. Discussion

In this case, Magistrate Judge Trumble found that the Petitioner has received all credit to which he is entitled, and his request for relief is without merit. Specifically, Magistrate Judge Trumble found that the Petitioner was not entitled to credit from June 27, 2003 through April 13, 2004 because "he was not entitled to credit toward his federal sentence from his date of sentencing until he was released from state custody." ECF No. 32 at 12. Magistrate Judge Trumble further found "[p]ursuant to 28 U.S.C. § 2244(a), this Court is not required to consider the instant habeas petition filed by Petitioner, because he is challenging his federal custody on the same ground that he advanced in [the District Court for the Central District of Illinois, case numbers 1:11-CV-1050 and 1:12-CV-1109] and lost after a full and fair litigation of his claim." Id. at 13-14.

In the Petitioner's first objection, he argues that "federal courts have recognized that an inmate may receive a nunc pro tunc designation of a state prison as the place of confinement for a federal sentence, as is within the Bureau of Prisons statutory authority which is authorized pursuant to 18 U.S.C. § 3621(b)." ECF No. 41 at 3. The Petitioner further argues that "[t]he R&R does not take this point under consideration." Id. 18 U.S.C. § 3621(b) discusses a prisoner's "place of imprisonment," not credit for time served prior to being sentenced. Moreover, this is not a case where the federal judge or state court judge ordered the Petitioner's federal and state sentences to run concurrently. The Petitioner was arrested and charged with state crimes on October 20, 2001. Thereafter, on January 28, 2005, he was sentenced to serve six years imprisonment for his state crimes. While serving his state sentence he appeared before the Northern

4

District of Illinois on federal charges. He was then sentenced to 360 months imprisonment for his federal crimes. The Petitioner is not entitled to any credit from June 27, 2003 through April 13, 2004 because he was serving his state sentence during that time. The Petitioner has received 289 days of credit for time served for the period of April 14, 2004 through January 27, 2005, which is the entirety of credit to which he is entitled. Accordingly, the Petitioner's objection is without merit and is **OVERRULED**.

In the Petitioner's second objection, he argues that he "has never raised relief under 18 U.S.C.A Section 3621(b) nor did a district court deny relief thereof." ECF No. 41 at 5. A review of case numbers 1:11-CV-1050 and 1:12-CV-1109 in the District Court for the Central District of Illinois clearly show the Defendant is seeking the same relief under the same grounds he sought in both of those cases. The only discrepancy is that the Petitioner now seeks credit for time served from June 27, 2003, the date he was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum, through April 13, 2004, the date he completed his state sentence, rather than October 20, 2001, the date of his arrest on state charges, through April 14, 2004. The fact that the Petitioner may have realized that he is not entitled to credit for time served from October 20, 2001 through June 26, 2003 does not change the fact that he is challenging his federal custody on the same ground that he advanced in his prior cases. Accordingly, the Petitioner's objection is without merit and is **OVERRULED**.

### V. Conclusion

For the aforementioned reasons, the Petitioner's objections are **OVERRULED** and Magistrate Judge Trumble's Report and Recommendation [ECF No. 32] is **ORDERED ADOPTED**. Accordingly, the Petitioner's § 2241 Petition [ECF No. 1] is **DENIED** and

**DISMISSED WITH PREJUDICE.** The Respondent's Motion to Dismiss or, Alternatively, for Summary Judgment [ECF No. 25] is hereby **GRANTED**.

The Clerk is **DIRECTED** to strike this matter from the Court's active docket. The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein and to mail a copy of this Order to the pro se Petitioner by certified mail, return receipt requested.

**DATED:** December 18, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE